UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GENE P. BONVILLAIN, ETC.,                          CIVIL ACTION

VERSUS                                             N0. 09-3540 & consol cases
                                                   Filed in:
                                                   09-3540, 09-3541, 09-5781,
                                                   09-5782, 09-5783, 09-5784,
                                                   09-5789, 09-5790, 09-5793,
                                                   09-5795, 09-5802 & 09-5803

LOUISIANA LAND & EXPLORATION                       SECTION "C" (2)
CO., ET AL.

ORDER AND REASONS

IT IS ORDERED that the motions to dismiss first amended complaints filed by the defendants are GRANTED. (Rec. Docs. 401, 402, 403, 404, 405, 408, 410, 400, 406, 407, 399, 409).

The Court previously granted the defendant's motions to dismiss the plaintiff's complaints on March 29, 2010. (Rec. Doc. 384). The Court concluded its order with the following:

> IT IS FURTHER ORDERED that the plaintiff shall file any amended complaint responsive to the issue of standing, the allegations of fraud and diversity jurisdiction within ten days, at which time this order of dismissal becomes effective.

Rec. Doc. 384, p. 33). In each first amended complaint filed in response to that order,

the plaintiff alleges two claims: one for recovery of delinquent taxes and one for fraud.

With regard to the plaintiff's lack of standing, the Court had previously explained in its final "AMENDMENT" section of its reasons that the plaintiff had represented that the dismissal based on standing did not contribute to judicial economy because the proper party "will file suits on the same grounds." (Rec. Doc. 384, p. 30). According to the plaintiff:

> Even if the Court were to agree with them that the proper party to bring suit is the Sheriff of Terrebonne Parish and consequently were to dismiss Count I on that ground, a new suit brought by the sheriff on precisely the same grounds will be forthcoming within days or weeks, absent the Court's granting Plaintiff leave to amend.

Rec. Doc. 311, p. 12. Based on this representation, the Court allowed for amendment to substitute the proper party plaintiff. The substitution contemplated by Fed. R. Civ. P. 17 and foreseen by the plaintiff in his opposition was not made in the first amended complaints. Instead, the Court is presented with virtually the same allegations and deficiencies with regard to the real party in interest, capacity to sue and standing in the first amended complaints.

Further, the plaintiff has not cured deficiencies concerning diversity of citizenship in at least two of these consolidated cases. In the case against Stone Energy Corporation, Civ. Act. No. 09-5793 "C", the plaintiff alleges that the corporation is

2

incorporated under Delaware law, but makes no statement as to its principal place of business which, according to affidavit supplied by Stone, is in Louisiana. Rec. Doc. 393, ¶ 2; Rec. Doc. 406, Exh. A). Similarly, the citizenship of Charparral Energy L.L.C. in Civ. Act. No. 09-5803 "C" is given as "an entity organized and having its principal place of business in a state other than Louisiana" in the first amended complaint, despite the Court's direction to consider the rules of citizenship set forth in *Harvey v . Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008). (Rec. Doc. 384, pp. 30-31; Rec. Doc. 396, ¶ 2).[1]

New Orleans, Louisiana, this 26th day of July, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[1] The plaintiff has sufficiently remedied the deficiencies with respect to the fraud allegations but still lacks standing to bring suit.